IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENT SERAFIN                                                                                    PLAINTIFF

vs.                                              Civil No. 6:17-cv-06074

NANCY A. BERRYHILL                                                                           DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kent Serafin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB application on February 19, 2015. (Tr. 10). In his application, Plaintiff alleges being disabled due to bipolar disorder, delusions, anxiety, hyperactivity, panic attacks, paranoia, and psychotic issues. (Tr. 231). At the administrative hearing in this matter, the ALJ also discussed Plaintiff's carpal tunnel syndrome and peripheral neuropathy. (Tr. 37). Plaintiff alleged an onset date of November 15, 2012. (Tr. 10). This application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

and again upon reconsideration. (Tr. 115-142).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 27-85). Thereafter, on July 7, 2016, the SSA held an administrative hearing on Plaintiff's application. (Tr. 27-85). At this hearing, Plaintiff was present and was represented by Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Stephanie Ford testified at this hearing. *Id.*

On August 11, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-22). The ALJ found Plaintiff last met the insured status requirements of the Act on March 31, 2015. (Tr. 12, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") from his alleged onset date of November 15, 2012 through his date last insured of March 31, 2015. (Tr. 12, Finding 2). Through his date last insured, Plaintiff had the following severe impairments: bipolar disorder and anxiety disorder. (Tr. 12, Finding 3).

The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4). The ALJ determined Plaintiff was fifty-three (53) years old, which is defined as an "individual closely approaching advanced age" pursuant to 20 C.F.R. § 404.1563(c) (2008), on his date last insured. (Tr. 21, Finding 7). As for his education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 21, Finding 8).

The ALJ then evaluated Plaintiff's subjective complaints and assessed his Residual Functional Capacity ("RFC"). (Tr. 14-20, Finding 5). After assessing his subjective complaints,

the ALJ determined his allegations were not entirely credible and found he retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform unskilled work at all exertional levels. He is limited to work where interpersonal contact is only incidental to the work performed; tasks need to be learned by rote; contain few variables and require little judgment; any necessary supervision would need to be simple, direct, and concrete.

*Id*. The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 6). Considering his RFC, the ALJ determined that, through his date last insured, Plaintiff could not perform any of his PRW. *Id.*

The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: dishwasher (medium, unskilled) with approximately 276,000 such jobs in the national economy and housekeeper (light, unskilled) with approximately 137,000 such jobs in the national economy. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from November 15, 2012 (alleged onset date) through March 31, 2015 (Plaintiff's date last insured). (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. On July 20, 2017, the Appeals Council denied this request for review. (Tr. 1-3). On August 14, 2017, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 15, 2017. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is

now ready for decision.

2.    **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff raises two issues in his appeal brief: (1) the ALJ erred in assessing whether his impairments met the requirements of the Listings; and (2) the ALJ erred in assessing his RFC. *Id.* With his second argument, Plaintiff also claims the ALJ improperly determined his carpal tunnel syndrome and peripheral neuropathy were not "severe" impairments. *Id.* Because the Court finds the ALJ erred by finding his neuropathy was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that

impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, although Plaintiff did not allege he was disabled due to neuropathy at the administrative hearing in this matter, the *ALJ* discussed Plaintiff's carpal tunnel syndrome and peripheral neuropathy at the administrative hearing in this matter. (Tr. 37). The ALJ also referenced a report from a nerve conduction study dated February 3, 2016. (Tr. 498-503). Although this study was conduct *after* Plaintiff's date last insured, the results were related to the time-period before Plaintiff's insured status expired. Indeed, Plaintiff reported suffering from "distal limb sensory changes with hand numbness intermittently for 10 years, and numbness and tingling in the feet ongoing for 5 years or so." (Tr. 498).

In this report, Plaintiff was found to suffer from peripheral neuropathy:

> NCV exam of the right median nerve revealed *borderline distal motor and sensory latencies and slowing of the wrist-to-palm conduction velocity* with normal amplitudes. Left median exam revealed *prolonged distal motor and sensory latencies and slowing of the wrist-to-palm conduction velocity* with normal amplitudes.

(Tr. 502) (emphasis added).

However, despite this findings, the ALJ entirely ignored Plaintiff's peripheral neuropathy when he evaluated his severe impairments. (Tr. 12, Finding 3). As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon this report, Plaintiff has presented sufficient evidence demonstrating his impairment meets that standard. Thus, this case must be reversed and remanded for further consideration of this issue.

### 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of June 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE